**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-0303 |
| | CRIMINAL ACTION NO. 20-0139 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHRISTOPHER ANTRELL BERNARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed by Defendant Christopher Antrell Bernard ("Bernard"). The motions are identical but were filed in two different dockets: 08-CR-0303, Record Document 69; and 20-CR-0139, Record Document 97. The Government opposes Bernard's motions and contends he is not entitled to any relief. Record Document 77.[1] For the following reasons, Bernard's motions [08-CR-0303, Record Document 69 & 20-CR-0139, Record Document 97] are **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## Background

On December 11, 2008, Bernard pleaded guilty to distribution of 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Record Documents 1 & 20. The Court sentenced Bernard to 240 months imprisonment and ten years of supervised release. Record Document 24. On January 19, 2017, Bernard

---

[1] All record documents referred to herein are filings in docket number 08-CR-0303 unless otherwise noted.

was granted executive clemency, with a release date of January 19, 2019. Record Document 34.

On July 8, 2020, while on supervised release, Bernard was named in a two-count indictment in the Western District of Louisiana. 20-CR-0139, Record Document 1. Bernard ultimately pleaded guilty to possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). 20-CR-0139, Record Documents 1 & 60. The Court sentenced Bernard to 262 months imprisonment and five years of supervised release, to be served consecutively with the sentence imposed on the revocation of his supervised release. 20-CR-0139, Record Document 83 at 2-3. The Court sentenced Bernard to 37 months imprisonment for the revocation of his supervised release. Record Document 58. Bernard's current projected release date is May 31, 2042.[2]

On November 28, 2022, Bernard filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), docketed under case numbers 08-CR-0303 and 20-CR-0139. *See* 08-CR-0303, Record Document 69; 20-CR-0139, Record Document 97. In his motion, Bernard states he did not submit a request for compassionate release to the warden of his facility because he "didn't have time" because he "just received this motion."[3] Record Document 69 at 3. The Government opposed Bernard's motion, arguing he did not exhaust his administrative remedies. Record Document 77.

---

[2] *See Inmate Locator*, BOP, https://www.bop.gov/inmateloc/.

[3] The Court stayed consideration of the motion until Bernard's appeal to the Fifth Circuit was complete. Record Document 72. The stay was lifted on April 25, 2023. Record Document 74.

## Law & Analysis

### I.    Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3582(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) ("Mandatory exhaustion regimes brook no exceptions.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court may only consider Bernard's motion if he has satisfied the aforementioned exhaustion requirement.

Bernard did not comply with the statutory exhaustion requirement. Bernard's motion clearly states that he did not submit a request for compassionate release to the warden of his facility. Record Document 69 at 3. A defendant must exhaust his administrative remedies *before* filing his motion for compassionate release. *Franco*, 973

F.3d at 468; *United States v. Gurley*, No. 17-CR-071, 2020 WL 6343142, at \*4 (E.D. La. Oct. 29, 2020) ("A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A)."). The Court cannot waive the mandatory exhaustion requirement and therefore lacks authority to consider a modification to Bernard's sentence under § 3582 at this time.

## Conclusion

For the reasons assigned herein, Bernard's motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [08-CR-0303, Record Document 69 & 20-CR-0139, Record Document 97] are **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Bernard may reurge his motion after he has properly exhausted his administrative remedies.

**THUS DONE AND SIGNED** this 26th day of February, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE